UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | Civil No. 3:23-cv-01178-OAW |
| *Plaintiff* | ) | |
| vs. | ) | |
| Theodora F. Antar | ) | |
| *Defendant* | ) | |
| | ) | |

### Notice of Pending Motions

The Defendant in the underlying criminal action involved in this action hereby files this notice to this Court indicating that the following motions are currently pending and require urgent action by a Judge of this Court. A true and complete copy of each such motion and all supporting, and opposition papers are attached to this motion.

1. Emergency ex-parte motion for immediate Fernando A. Hearing to vacate protective order.

2. Motion for continuance

3. Motion for disqualification of Judicial Authority

4. Motion for immediate scheduling of jury trial

5. Motion to dismiss

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed or delivered electronically or nonelectronically on 9/19/2023 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.

Parties and/or attorneys served:

Michael Hillis

mHillis@dkh-law.com


State of Connecticut

State's Attorney Rebecca Barry

Rebecca.barry@ct.gov


i/s
_____

THEODORA F. ANTAR, PRO SE

856 SHAGBARK DRIVE

ORANGE, CT, 06477

203-273-8419

THEODORAANTAR@GMAIL.COM

**A05D-CR23-0191150-S**               :               **GA5**

**State of Connecticut**

                                      :               **DERBY**

**VS.**                               :

**Theodora F. Antar**

**DEFENDANT**                         :               **SEPTEMBER 5, 2023**

## <u>EMERGENCY EX-PARTE MOTION FOR IMMEDIATE FERNANDO A.<br>HEARING & TO VACATE PROTECTIVE ORDER</u>

The Defendant Theodora F. Antar in the above captioned matter moves that the court immediately schedule a "Fernando A. Hearing" in order to prove the necessity of the current full no-contact protective order that is in place against the Defendant.

The Defendant, who does not have any criminal convictions, is being denied federal, state, and constitutional rights and the existence of this protective order is, has, and will continue to cause irreparable harm unless it is vacated immediately.

There is no legal, factual, or otherwise justified reason for this protective order to remain in place. The protective order is a full no-contact protective order with a full residential stay-away order that prevents the Defendant from being able to see or exercise her fundamental right to visitation with her minor child A.L.

This order prevents the Defendant from being able to access her minor child, and does not allow the Defendant to do things that are court ordered and part of her rights as the mother of the young child.

The State of Connecticut has no legal basis to impose this heavily restrictive order of protection upon the Defendant, and the Defendant hereby demands an immediate Fernando A. Hearing be scheduled. The Defendant filed an appearance for the first time last week in this matter and is asking that the court allow her the constitutionally protected right of due process in being able to prove that this order is restrictive, unnecessary, and causing irreparable harm to both Defendant and her family.

Defendant is requesting an immediate "Fernando A. Hearing" to be scheduled immediately and filing this motion to vacate the protective order and requests that said matter be scheduled and heard immediately.

September 5th, 2023, Respectfully submitted,

_____ /s/ Theodora F. Antar

*The Defendant*

856 Shagbark Drive, Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419

## **CERTIFICATION OF SERVICE**

I hereby certify that on September 5th, 2023, I served a copy of the foregoing Motion to

vacate to all counsel and parties on record as listed below:


MHillis@dkh-law.com

September 5th, 2023 Respectfully submitted,

_____ /s/ Theodora F. Antar

*The Defendant*

856 Shagbark Drive, Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419

**MOTION FOR CONTINUANCE/
CASEFLOW REQUEST-
CRIMINAL MATTERS**

JD-CR-51   Rev. 7-20
C.G.S §§ 54-82c, 54-86k, 54-186, 54-199
P.B. §§ 36-20, 40-5, 43-6, 44-13, 44-18

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.*

**STATE OF CONNECTICUT
SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions To Person Making Motion**
*Fill out all sections of this form except the Order section and file it with the Clerk of the Court at least three (3) days before the date of the scheduled event.*

| Name of case *(State v. Full name of Defendant)* | Docket number | Defendant Incarcerated |
|---|---|---|
| **State v. Theodora F. Antar** | **A05D-CR23-0191150-S** | ☐ Yes   ☒ No |

| ☐ Judicial District   ☒ Geographical Area Number | Address of court *(Number, street, town and zip code)* **106 Elizabeth st, Derby, CT, 06418** | |
|---|---|---|

| Date of motion **09/06/2023** | Date of event to which Requested Action applies **09/06/2023** | Name of Judge who scheduled the event *(If known)* **Judge Scott Jones** |
|---|---|---|

Person making motion is:
☐ State's Attorney   ☐ Defendant's Attorney   ☒ Defendant   ☐ Other

| Firm name *(if applicable)* | Address **856 Shagbark Drive, Orange, CT, 06477** | Phone number (with area code) **203-273-8419** |
|---|---|---|

## Requested Action: *(Select all that apply)*

☒ Motion for continuance to: ____**11/2/2023**____ *(date)*   or:   ☐ at the court's discretion.
☐ Request that the defendant be excused from scheduled event.
☐ Motion for dismissal of case without appearance because of successful diversionary program completion.

## Event to which Requested Action applies: *(Select all that apply)*

☐ Arraignment   ☐ Court Trial   ☐ Motion   ☒ Pretrial   ☐ Other
☐ Plea   ☐ Jury Trial   ☐ Disposition   ☐ Sentencing

## Reason(s) for Requested Action: *(Select reason(s) and explain below)*

☒ Counsel not ready   ☐ Lay witness not available *(provide name below)*   ☒ Other
☒ Discovery not complete   ☐ Expert witness not available *(provide name below)*
☒ Counsel not available   ☐ Party not available *(provide name below)*

Explain
**I was arraigned on 5/17/23 and Attorney Hillis promised me an opportunity to meet with him to discuss the case prior to moving forward. It is now 106 days later and I never got to meet with him once about the case. I asked on 8/23 and 8/30 when we can meet and he responded on 8/30 and stated that he would be withdrawing from the case instead. I need time to hire new counsel.**

I have contacted all counsel and self-represented parties of record about my intention to seek this Requested Action.
All of the counsel and self-represented parties:   ☒ Consent   ☐ Do Not Consent   ☐ Have not responded

*Note: An agreement to this Requested Action does not mean that the court will automatically grant by the motion.*

☐ I Have   ☒ I Have Not   notified the Victim's Advocate and/or the victim(s) of the Requested Action.

I agree to be responsible for notifying my client, if applicable, and all counsel of record and self-represented parties whether the Requested Action is granted or denied, and if granted, the specific ruling of the court.

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on
(date)____**08/31/2023**____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**Michael Hillis
129 whitney avenue
New Haven, CT, 06510**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of Self-Represented Attorney)* ▶ | Print or type name of person signing **Theodora Antar** | Date signed **09/06/2026** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* **856 Shagbark Drive, Orange, CT, 06477** | | Telephone number **2032738419** |

| **Order** | Request is: ☐ Granted ☐ Denied | If continuance, event continued to: | Signed *(Judge)* | Date |
|---|---|---|---|---|

Print Form          Reset Form

DOCKET NO.: **A05D-CR23-0191150-S** :          SUPERIOR COURT

STATE                             :               DERBY GA

V.                                :               AT DERBY

THEODORA ANTAR                    :               9/6/2023

## <u>MOTION FOR DISQUALIFICATION OF JUDICIAL AUTHORITY</u>

The Defendant Theodora F. Antar in the above captioned matter respectfully moves that The Honorable Judge Scott Jones be disqualified from presiding over the case for the remainder of its duration.

In accordance with Rule 2.11 of the Code of Judicial Conduct, "a judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned including, but not limited to, the following circumstances: (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

In this case, Judge Scott Jones has shown that he is unable to display impartiality toward the Defendant due to his substantial involvement in the recent case of State v. Matthew Lodice in which the Defendant Theodora F. Antar was the victim and complainant.

On numerous occasions in the matter of State v. Lodice, Judge Scott Jones displayed impartiality and on the record on numerous occasions he not only gave Matthew Lodice legal advice, but refused to give procedural information or other information to Ms. Antar as the victim and told her she would be required to hire her own

1

private attorney to explain to her what was and was not allowed on the full no-contact protective order which allegedly protected her from abuse.

Judge Jones also made it clear that he does not believe that psychological, emotional, or mental abuse constitutes domestic violence and has shown disregard and ignorance toward the law, specifically PA-2178 and has abused his discretion, authority, and power.

Honorable Judge Scott Jones has violated several state and federal judicial canons, state laws, federal laws, and constitutional laws in violation of his oath to uphold the duties of judicial office, as prescribed by Conn. Practice Book §1-22(a).

Judge Scott Jones must be disqualified in this matter for the following reasons:

Judge Scott Jones made several statements on the record in which he made it clear that he harbors negative feelings and bias against the concept of domestic violence. He also gave Matthew Lodice legal advice on several occasions on the record. Judge Scott Jones made sure to go above and beyond out of his way to accommodate Matthew John Lodice on the record, to make sure that any aspect of the criminal order of protection would cater to his needs.

On 1/30/23, Scott Jones stated that "we can't enter an order that's inconsistent with family" on the record, however on 5/17/23, he allowed the court to enter an order on my behalf that was inconsistent with family and has subsequently upheld said order which violates Ms. Antar's constitutional and federal and state rights.

Furthermore, he also has a substantial and longstanding relationship with the attorney Michael Hillis who was representing the Defendant in this matter and who has since stated that he plans to file a motion to withdraw as counsel in this case. Attorney

2

Michael Hillis stated that, not only did he go UConn School of Law with Judge Scott Jones, but also stated that he helped cover up an incidence of academic misconduct which occurred when Judge Jones was a student at the University of Connecticut School of Law.

Michael Hillis stated that, due to his extremely close bond and connection and affiliation with Judge Jones, that he would be able to sway and control the disposition of this case. He stated that when Scott Jones was faced with potential penalties for his prior academic misconduct while in law school, that Michael Hillis "did him a favor" and prevented the misconduct from having any negative impact on Judge Jones.

Michael Hillis cited this relationship as a reason why he felt that he could guarantee positive results for me in this matter, and sine he has now stated that he will not be providing me assistance and stated that he is going to be withdrawing his appearance, I feel that there is an extreme conflict of interest.

In addition, the law mandates that if a judge has substantial knowledge regarding facts that are in dispute in the matter that they must also recuse themselves. Not only did Judge Jones hear and learn substantial knowledge regarding the facts in dispute by listening to Ms. Antar testify about them on the record during proceedings in the State v. Lodice matter, but he also signed the warrant that was then issued for Ms. Antar's arrest, 2 weeks after hearing testimony about the facts that are now in dispute on 5/1/23.

During each of the hearings, both in the presence and absence of Ms. Antar, Judge Jones regularly provided legal advice to Matthew Lodice, stated he would be having ex-parte communications with Judge Jane Kupson Grossman in order to influence his

3

decisions regarding his handling of the State v Lodice matter, and showed animosity, prejudice, and bias against Ms. Antar.

Ms. Antar, the Defendant in the above captioned matter, respectfully moves that Judge Scott Jones immediately recuse himself from this matter and is putting the court on official notice that Ms. Antar intends to file a complaint against Judge Scott Jones with the Judicial Review Council, as well as a civil rights lawsuit for violations of her state, federal, and constitutional rights.

THE DEFENDANT,

By:

Theodora Antar

856 Shagbark Drive, Orange, CT, 06477

4

ORDER

The foregoing motion having been duly heard, it is hereby ordered:

GRANTED  /  Denied

BY THE COURT,

_____

JUDGE / CLERK

5

<u>CERTIFICATION</u>

This is to certify that on 9/6/2023, a copy of the foregoing was delivered to:

DCJ.DerbyGA.Reports@ct.gov

GA5.Derby@jud.ct.gov

By, The Defendant,

_____

Theodora Antar

856 Shagbark Drive

Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419

6

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | Civil No. 3:23-cv-01178-OAW |
| *Plaintiff* | ) | RE: **A05D-CR23-0191150-S** |
| | | |
| vs. | ) | |
| Theodora F. Antar | ) | |
| *Defendant* | ) | |
| _____ | ) | |

## **MOTION FOR SCHEDULING OF IMMEDIATE JURY TRIAL DATE**

The Defendant in the above-captioned criminal action moves that the court immediately schedule a trial by jury for this matter. The Defendant is entitled to the right to such under the United States Constitution. The Defendant has only appeared once in the Derby GA5 court for an arraignment on 5/17/23, and since then has never been given any information, discovery, evidence, or received any status updates or information regarding this case in more than four months.

Four months have passed, yet the defendant still has only been arraigned. The defendant has the right to a full trial by jury, and is invoking said right. The defendant maintains her innocence as to the allegations being charged against her and maintains that the State of Connecticut did not at the time of signing the warrant for the defendant's arrest, nor do they now possess any probable cause, or substantial evidence required to prove the elements of the two crimes being alleged beyond a reasonable doubt, in accordance with the required burden of proof.

As such, the defendant hereby moves that the Court immediately schedule a trial by jury for this matter. In support of this Motion, the Defendant states as follows:

### I. Introduction

The Defendant is entitled to the right to a trial by jury under the Sixth and Fourteenth Amendments to the United States Constitution, as well as under the Connecticut State Constitution, Article I, Section 8. The Defendant has only appeared once in the Derby GA5 court for an arraignment on May 17, 2023, and since then has not been given any information, discovery, evidence, or received any status updates or information regarding this case in more than four months.

### II. Constitutional Right to a Speedy Trial

The Sixth Amendment to the United States Constitution guarantees the right to a speedy and public trial. This is also affirmed in the Fourteenth Amendment's Due Process Clause and is further supported by Connecticut General Statutes § 54-82m. In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court elaborated on the right to a speedy trial and established a balancing test for determining whether a defendant's right has been violated.

### III. The Defendant's Right to Due Process

The Defendant has a fundamental right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Connecticut State Constitution. A delay of more than four months without any proceeding, communication, or action from the State is a violation of this right.

### IV. Lack of Probable Cause or Substantial Evidence

The Defendant maintains her innocence as to the allegations being charged against her and asserts that the State of Connecticut does not now, nor did they ever possess any probable

cause or substantial evidence required to prove the elements of the two crimes being alleged beyond a reasonable doubt, in accordance with the required burden of proof. The only reasonable resolution is a full dismissal of all charges, the same relief that was provided to the complainant without him having any evidentiary hearing, trial, or giving the defendant in this action an opportunity to be heard.

**WHEREFORE, Defendant respectfully requests that the Court:**

1. Immediately schedule a jury trial for this matter;

2. Expedite the release of all discovery, evidence, and information pertinent to this case;

3. Grant any other relief the Court deems just and proper.

4. Grant a full dismissal of all charges currently filed against the Defendant

5. Immediately vacate the current protective order that was issued on 5/17/23 that has no expiration date.

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed or delivered electronically or nonelectronically on 9/19/2023 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.

Parties and/or attorneys served:

Michael Hillis

mHillis@dkh-law.com


State of Connecticut

State's Attorney Rebecca Barry

Rebecca.barry@ct.gov


i/s

_____

THEODORA F. ANTAR, PRO SE

856 SHAGBARK DRIVE

ORANGE, CT, 06477

203-273-8419

THEODORAANTAR@GMAIL.COM

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | Civil No. 3:23-cv-01178-OAW |
| *Plaintiff* | ) | RE: **A05D-CR23-0191150-S** |
| | | |
| vs. | ) | |
| Theodora F. Antar | ) | |
| *Defendant* | ) | |
| | ) | |

## MOTION TO DISMISS

The Defendant in the above-captioned criminal action moves that the court immediately dismiss the action under docket number **A05D-CR23-0191150-S**

The Defendant, Theodora F. Antar, appearing pro se, and pursuant to the Connecticut Practice Book § 41-8 and Rule 12(b)(6) of the Federal Rules of Criminal Procedure, and hereby moves this Court to dismiss the above-entitled criminal action against her for lack of probable cause to believe the Defendant committed the offenses charged, namely "False Statement to Police" and "Disorderly Conduct."

## BACKGROUND

1. The Defendant was arrested on 5/16/23, 16 days after she initiated a complaint against the complainant in this case due to his violation of a protective order. Despite being the protected party under a valid protective order, docket A05DCR230190622S, and despite Matthew Lodice, the defendant in that docket, clearly violating multiple terms of said

order of protection, Mr. Lodice was never charged or prosecuted for any of his violations of said order, and only the defendant Theodora Antar was prosecuted and charged, which is in line with the clear bias and prejudicial treatment that the defendant has experienced by this court.

2. The Defendant has been denied due process of law, effective counsel, an evidentiary hearing to challenge a heavily restrictive protective order, a speedy trial, access to discovery and evidence, and the right to a trial by jury.

3. The Defendant has been denied these rights both under the Constitution of the United States and the State of Connecticut.

## LEGAL ARGUMENTS

1. **Lack of Probable Cause**: Under both the Fourth Amendment of the U.S. Constitution and the Connecticut Constitution Article First, § 7, no warrants shall issue without probable cause. In this case, the State has failed to establish probable cause for either charge.

2. **Violations of Protective Order**: Pursuant to Connecticut General Statutes §53a-223, the protected party cannot be prosecuted for violations related to the protective order. The Defendant was the protected party under the said order.

3. **Violation of Due Process**: Both the Fourteenth Amendment of the U.S. Constitution and Article First, § 8 of the Connecticut Constitution guarantee due process of law. The Defendant has been denied procedural due process rights, including but not limited to an unbiased tribunal, notice of proposed actions, and the right to present evidence.

4. **Ineffective Counsel and Denial of Rights**: The Defendant has been denied effective counsel as guaranteed by the Sixth Amendment and has not ever been informed adequately about the case against her, contrary to Rule 5.1 of the Federal Rules of Criminal Procedure and Connecticut Practice Book § 37-1.

5. **Speedy Trial**: The Defendant's right to a speedy trial as guaranteed by the Sixth Amendment and the Connecticut Constitution, Article First, § 8, has been violated, rendering the proceedings against her unconstitutional.

**CONCLUSION**

In light of the above legal and factual shortcomings, the Defendant respectfully requests this Court to dismiss the charges against her.

**WHEREFORE, Defendant respectfully requests that the Court:**

1. Grant a full dismissal of all charges currently filed against the Defendant

2. Immediately vacate the current protective order that was issued on 5/17/23 that has no expiration date.

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed or delivered electronically or nonelectronically on 9/19/2023 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.

Parties and/or attorneys served:

Michael Hillis

mHillis@dkh-law.com


State of Connecticut

State's Attorney Rebecca Barry

Rebecca.barry@ct.gov



i/s
_____
THEODORA F. ANTAR, PRO SE

856 SHAGBARK DRIVE

ORANGE, CT, 06477

203-273-8419

THEODORAANTAR@GMAIL.COM