UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | Civil No. 3:23-cv-01178-OAW |
| *Plaintiff* | ) | |
| vs. | ) | |
| Theodora F. Antar | ) | |
| *Defendant* | ) | |

**Defendant's Statement re: removal of action pursuant to 28 U.S.C. §1441**

The Defendant in the underlying criminal action involved in this action hereby files this notice to this Court pursuant to 28 U.S.C. § 1441 and sets forth the following information:

1. The Defendant first received a copy of the warrant in the state court action on 5/16/23.

2. The Defendant was served with a copy of the warrant which contained the information complaint on 5/16/23.

3. This action is not being filed on the basis of diversity jurisdiction.

4. This removal action takes place more than thirty (30) days after the defendant first received a copy of the summons and complaint, and the reasons why removal has taken place at this time is due to the extreme and extraordinary nature of violations of the defendant's state, federal, constitutional, and other rights as a crime victim, and those of her minor children as they relate to this action. The defendant was not given any opportunity to be heard or appear in the underlying state court action other than the arraignment, and the defendant has been denied right to a speedy trial, procedural and substantive due process, as well as rights guaranteed under acts of Congress and U.S. treaties.

5. Parties:

    1- Plaintiff in the underlying state action:

    State of Connecticut

    GA5 Derby, CT

    106 Elizabeth Street, Derby 06418

    Rebecca.barry@ct.gov


    2- Defendant in the underlying state action:

    Theodora Antar

    856 Shagbark Drive

    Orange, CT, 06477

    theodoraantar@gmail.com


    3- Former Counsel for the Defendant in the underlying state action that has yet to withdraw appearance

    Attorney Michael Stanton Hillis

    129 Whitney Ave, #201

    New Haven, CT, 06510

    mhillis@dkh-law.com

## JURISDICTION

The Defendant is removing this underlying state criminal action to federal court. The purported jurisdictional basis for this removal from state court to federal court is 28 U.S.C. §§ 1443 and 1446. 28 U.S.C. § 1443 Title 28 U.S.C. §1443 states in pertinent part: Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law proving for equal rights . . . ."

The Defendant contends that the matter is being removed to protect her fundamental and constitutional rights, making this action a potential civil rights removal of a criminal action. In order to remove an action under 28 U.S.C. § 1443, the movant must show that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, [384 U.S. 780, 792 (1966)].

Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1442(1).  City of Greenwood v. Peacock, [384 U.S. 808 ,825 (1966)]. Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

In the present removal materials, the removal Defendant has asserted multiple violations of her federal, constitutional, and rights as a crime victim in accordance with section 1443. Additionally, the Defendant also is claiming that she is a member of a protected group as a woman, as a mother, as a bi-racial individual, and as an individual who has African American racial identity with more than 50% of her DNA originating from Africa. The Defendant is protected based on her sex, socioeconomic status, race, disabilities, and level of education, as well as her status as a crime victim, all of which have been violated as rights that the defendant is wholly entitled to.

As such, the Defendant cites section 1443 as one of the potential avenues of removal in this case where Defendant has no other legal remedy available due to the extreme nature of the violations of her rights and those of her minor children.

28 U.S.C. § 1446 Title 28 of U.S.C. §1446 outlines the procedure for removal. Section § 1446(c) states in pertinent part: (2)A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.

Plaintiff has cited all grounds and is fully prepared to show that this underlying state court action must be dismissed entirely as there is no evidence that any crime was committed beyond a reasonable doubt that could result in a conviction on behalf of the Defendant.

Furthermore, the level of violations of the defendant's rights are extreme and unprecedented. The defendant has not been allowed any of her procedural due process rights, and her rights under the constitution, including the 5th amendment, 1st amendment, 6th amendment, 14th amendment, and other associated rights.

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed or delivered electronically or nonelectronically on 9/19/2023 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.

Parties and/or attorneys served:

Michael Hillis

mHillis@dkh-law.com

State of Connecticut

State's Attorney Rebecca Barry

Rebecca.barry@ct.gov

i/s
_____
THEODORA F. ANTAR, PRO SE

856 SHAGBARK DRIVE

ORANGE, CT, 06477

203-273-8419

THEODORAANTAR@GMAIL.COM