UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | Civil No. 3:23-cv-01178-OAW |
| *Plaintiff* | ) | |
| vs. | ) | |
| Theodora F. Antar | ) | |
| *Defendant* | ) | |
| _____ | ) | |

## MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)

The Defendant in the underlying criminal action, Theodora Antar, respectfully submits this pro se Motion to Dismiss the above captioned criminal action filed against her, which was removed to this Honorable Court, on the grounds of no probable cause and gross violations of her rights. In support of this Motion, Ms. Antar cites binding decisions from the Second Circuit Court of Appeals, the United States Supreme Court, and federal laws, which collectively demonstrate that this prosecution is fatally flawed and should be dismissed with prejudice.

## II. LEGAL ARGUMENT

*A. Standard for Dismissal Under Federal Rule of Criminal Procedure 12(b)(3)*

Federal Rule of Criminal Procedure 12(b)(3) allows for the dismissal of an indictment or information on the grounds that it fails to invoke the jurisdiction of the court or that it is otherwise defective. In the above-captioned case, Ms. Antar contends that the State of Connecticut not only lacks probable cause but also has repeatedly violated her constitutional

rights, including by initiating said criminal action against her. To support this assertion, the following legal authorities are presented.

B. *Lack of Probable Cause*

The United States Supreme Court, in United States v. Aguilar, 515 U.S. 593 (1995), established that an indictment must be supported by probable cause. The Court ruled that an indictment is defective if it "fails to allege each essential element of the offense charged." In the present case, the action against Ms. Antar fails to provide any specific facts or material evidence supporting the charges brought against her, rendering it void of probable cause.

Moreover, the Second Circuit Court of Appeals, in United States v. Jaramillo, 967 F.2d 206 (2d Cir. 1992), held that an indictment should not merely recite the statutory language but should contain factual allegations supporting each element of the charged offense. The action against Ms. Antar falls short of this standard, further emphasizing the lack of probable cause.

C. *Violations of Constitutional Rights*

Ms. Antar alleges that her constitutional rights have been egregiously violated in the course of this prosecution. The Supreme Court, in Strickland v. Washington, 466 U.S. 668 (1984), set forth the well-established principle that effective assistance of counsel is a constitutional right in criminal proceedings. Ms. Antar contends that she has been denied this right, as evidenced by the fact that the counsel that she retained on a pro-bono basis failed to inform her of her right to

request a full evidentiary hearing on the merits at the arraignment regarding the order of protection that was imposed upon her during said arraignment, failed to communicate and keep her reasonably informed throughout the process, had ex-parte communications with the prosecution in the complainant's own criminal action against the knowledge or consent of the defendant Ms. Antar, and that said counsel stated one month ago that he would be filing a motion to withdraw his appearance, yet he has failed to do so, while also has stopped all communication with Ms. Antar. Ms. Antar has the right to effective counsel and the right to counsel being appointed to her if she can not afford her own. Ms. Antar has not been given the opportunity to retain, consult with, or hire said counsel and it has been more than four months since the arrest occurred.

Furthermore, the Supreme Court, in Brady v. Maryland, 373 U.S. 83 (1963), held that prosecutors are obligated to disclose exculpatory evidence to the defense. Ms. Antar believes that the prosecution has failed in this regard by withholding evidence that could exonerate her. Any and all attempts that Ms. Antar has made to try to retrieve said evidence through the states attorneys office, her counsel's office, or the police department, have been unsuccessful and she has been denied access and has not seen any of the discovery or evidence, to date.

D. *Federal Laws and Rights*

In addition to Supreme Court and Second Circuit precedent, various federal laws establish the rights and procedures that must be adhered to in criminal cases. The Fourth Amendment to the United States Constitution, for instance, protects individuals from unreasonable searches and seizures. The violations of Ms. Antar's Fourth Amendment rights are apparent in this case, as

demonstrated by the fact that she was unreasonably arrested and charged with a warrant for charges based on nothing but the written statement of the individual she was being protected from though a criminal protective order that is enforceable in all 50 states and U.S. territories.

Moreover, the Due Process Clause of the Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law. The numerous violations of due process in this case, including the defendant being unreasonably restrained from visiting her minor daughter A.L. at the home of the complainant due to the heavily restrictive order of protection that imposes a full residential stay away upon her, as well as the fact that the defendant was never allowed a hearing on the merits for said order of protection demand that this prosecution be dismissed. Since the date of the defendant's arraignment on 5/17/23, the complainant in the underlying criminal action that was initiated in the State of Connecticut GA5 in Derby, CT, Matthew Lodice, has repeatedly demanded that the defendant come to his home, repeatedly demanded that the defendant speak to him on the phone, and repeatedly demanded that the defendant violate various terms of said protective order, and has encouraged the defendant to speak to him, go to his residence, and violate other terms of said order. This is evidence of the fact that if the complainant himself is demanding that the defendant violate the order, that the order is unnecessary and serves the sole purpose of being used as a tool by the complainant in order to entrap the defendant and coerce the defendant into violating the order and committing a felony in order to visit their minor daughter. The defendant has been given repeated ultimatums by the complainant who is the protected party in the order and has stated that the defendant can either violate the protective order or continue to be isolated from and alienated from their minor daughter A.L. who is only four years of age.

This has resulted in extreme psychological and emotional harm and trauma to the defendant, and her minor children.

Based on the foregoing legal arguments and authorities from the Second Circuit, the United States Supreme Court, and federal laws, the defendant Theodora Antar respectfully requests that this Honorable Court dismiss the criminal action against her with prejudice. The entire action lacks probable cause and has resulted in extreme, cruel, and unusual gross violations of her constitutional rights. Such defects warrant the immediate dismissal of this case to preserve the integrity of the criminal justice system and protect the rights of the accused and her minor children.

As such, The Defendant in the above-captioned criminal action moves that the court immediately dismiss the action that was initiated under docket number **A05D-CR23-0191150-S in GA5 of Derby, CT.**

The Defendant, Theodora F. Antar, appearing pro se, and pursuant to the Connecticut Practice Book § 41-8 and Rule 12(b)(6) of the Federal Rules of Criminal Procedure, and hereby moves this Court to dismiss the above-entitled criminal action against her for lack of probable cause to believe the Defendant committed the offenses charged, namely "False Statement to Police" and "Disorderly Conduct."

## BACKGROUND

1. The Defendant was arrested on 5/16/23, 16 days after she initiated a complaint against the complainant in this case due to his violation of a protective order. Despite being the protected party under a valid protective order, docket A05DCR230190622S, and despite

Matthew Lodice, the defendant in that docket, clearly violating multiple terms of said order of protection, Mr. Lodice was never charged or prosecuted for any of his violations of said order, and only the defendant Theodora Antar was prosecuted and charged, which is in line with the clear bias and prejudicial treatment that the defendant has experienced by this court.

2. The Defendant has been denied due process of law, effective counsel, an evidentiary hearing to challenge a heavily restrictive protective order, a speedy trial, access to discovery and evidence, and the right to a trial by jury.

3. The Defendant has been denied these rights both under the Constitution of the United States and the State of Connecticut.

## LEGAL ARGUMENTS

1. **Lack of Probable Cause**: Under both the Fourth Amendment of the U.S. Constitution and the Connecticut Constitution Article First, § 7, no warrants shall issue without probable cause. In this case, the State has failed to establish probable cause for either charge.

2. **Violations of Protective Order**: Pursuant to Connecticut General Statutes §53a-223, the protected party cannot be prosecuted for violations related to the protective order. The Defendant was the protected party under the said order.

3. **Violation of Due Process**: Both the Fourteenth Amendment of the U.S. Constitution and Article First, § 8 of the Connecticut Constitution guarantee due process of law. The Defendant has been denied procedural due process rights, including but not limited to an unbiased tribunal, notice of proposed actions, and the right to present evidence.

4. **Ineffective Counsel and Denial of Rights**: The Defendant has been denied effective counsel as guaranteed by the Sixth Amendment and has not ever been informed adequately about the case against her, contrary to Rule 5.1 of the Federal Rules of Criminal Procedure and Connecticut Practice Book § 37-1.

5. **Speedy Trial**: The Defendant's right to a speedy trial as guaranteed by the Sixth Amendment and the Connecticut Constitution, Article First, § 8, has been violated, rendering the proceedings against her unconstitutional.

## CONCLUSION

In light of the above legal and factual shortcomings, the Defendant respectfully requests this Court to dismiss the charges against her.

**WHEREFORE, Defendant respectfully requests that the Court:**

1. Grant a full dismissal of all charges currently filed against the Defendant

2. Immediately vacate the current protective order that was issued on 5/17/23 that has no expiration date.

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed or delivered electronically or nonelectronically on 9/20/2023 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.

Parties and/or attorneys served:

Michael Hillis

mHillis@dkh-law.com

State of Connecticut

State's Attorney Rebecca Barry

Rebecca.barry@ct.gov

/s/

THEODORA F. ANTAR, PRO SE

856 SHAGBARK DRIVE

ORANGE, CT, 06477

203-273-8419