UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT, | : | |
| | : | |
| v. | : | Criminal No. 3:23-CV-1178 (OAW) |
| | : | |
| THEODORA F. ANTAR, | : | |
| *Defendant.* | : | |

**ORDER REMANDING ACTION**

**THIS ACTION** is before the court upon the notice of removal purporting to remove this criminal action to federal court pursuant to 28 U.S.C. § 1443. For the reasons discussed herein, the court orders this action **DISMISSED** from federal court and **REMANDED** to state court.

It is axiomatic that federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is absent. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011). "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). However, a federal court also has an independent obligation "to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *DeVito Verdi, Inc. v. Legal Sea Foods, Inc.*, No. 1:21-CV-1007-MKV, 2021 WL 1600088, at *1 (S.D.N.Y. Apr. 23, 2021) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000)).

The allegations in the notice are difficult to follow, but it is clear that Ms. Antar presently is the defendant in criminal proceedings brought by the State of Connecticut,[1]

---

[1] The particulars of her prosecution are not clearly described, but Ms. Antar states in the notice of removal that the charges against her arise from a protective order in which she is the protected party. ECF No. 1

1

and instead she wishes to be prosecuted in federal court because, she alleges, the state court has not recognized her several federally-protected rights. Ms. Antar asserts that removal is proper under Section 1443 of Title 28 of the United States Code.

Section 1443(1)[2] allows a state criminal case to be removed to federal court by the defendant when she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court of the United States has laid out a two-part test to assess whether a case qualifies for removal under this subparagraph. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel* 384 U.S. 780, 792 (1966)). "Second, it must appear, in accordance with the provisions of s 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Georgia*, 384 U.S. at 792).

Ms. Antar clearly has failed to satisfy even the first step. She makes only a single passing reference to equal protection of laws on the basis of race (in the same sentence in which she mentions equal protection of laws on the basis of gender, socioeconomic status, religion, and 'other protected rights'). ECF No. 1 at 10. And while she references a wide smattering of federal law including the Americans with Disabilities Act, the Violence

---

at 3. She implies that she is being prosecuted for violating that order, contrary to Connecticut law. *Id.* However, exhibits to the notice suggest that her narrative is incomplete, and it appears that she is charged with disorderly conduct and with making a false police report because she incorrectly reported a violation of the protective order. *Id.* at ECF p. 18-21.

[2] Section 1443(2) applies only to removals by state actors and so is irrelevant to this discussion. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966) ("[W]e hold that the second subsection of s 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.").

Against Women Act, and various provisions of the United States Constitution, most of her cited federal law has nothing to do with racial discrimination.  And "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219.

Even where Ms. Antar asserts violations of the Fourteenth Amendment, it is unclear how her rights thereunder have been violated.  In haphazard fashion, she mentions the denial of a hearing on a protective order that apparently restricts her from owning a firearm and from seeing her minor child; the continuance of her next appearance in court (but also the denial of a further continuance of that appearance); ineffective assistance of counsel; and certain Clerk's Office actions that Ms. Antar characterizes as illegal.  However, the court can discern no violation of any rights in Ms. Antar's allegations, much less any violation resulting from racial animus.  Rather, it appears that she objects to her prosecution, generally, and that she is frustrated with its progression.  However, "that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1)." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that this action hereby is **REMANDED** to state court.  The Clerk of Court is asked, respectfully, to please effect the remand, terminate all pending motions, and close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 10th day of October, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE